# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CARLTON ALLEN BROWN,

    Plaintiff,

v.                                                                                                              Case No. 14-C-1284

SHERIFF CLARKE and
MAJOR BURMEISTER,

    Defendants.

## ORDER

The plaintiff, who is incarcerated at the Milwaukee County Jail, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis. The plaintiff has been assessed and paid an initial partial filing fee of $28.30.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The complaint brings several claims. Claim 1 alleges that on one occasion Plaintiff received the wrong medication, which caused him to become ill. The nurse who provided the medication was subsequently fired. Plaintiff alleges that nurses do not receive proper training at the Jail, and thus presumably this claim is asserted against Sheriff Clarke. But a single incident of incorrect medication dispensing does not support an inference that there was a failure to train. Mistakes happen all the time, and so a single mistake is not enough to create liability on the part of a superior. "Allowing an inadequate training claim such as this one to go to the jury based upon a single incident would only invite jury nullification of *Monell [v. New York City Dept. of Social Services,* 436 U.S. 658 (1978)]." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 399 (1989) (O'Connor, J., concurring in part and dissenting in part). *Monell* held that a municipality may be held liable under § 1983, but only if there was an official policy or practice, such as a failure to train. A single incident is not evidence of any kind of policy or practice; it is simply a single incident. "Although this court has not adopted any bright-line rules for establishing what constitutes a widespread custom or practice, it is clear that a single incident—or even three incidents—do not suffice."

3

*Wilson v. Cook County,* 742 F.3d 775, 780 (7th Cir. 2014). If Plaintiff's claim were allowed to proceed, it would suggest that any claim involving any government employee could state a "failure to train" claim against the employer, which is not what the case law holds. The claim will therefore be dismissed.

Claim 2 avers that Plaintiff's cell is infested with "sewer bugs" that require a constant "battle." Although this could give rise to a conditions of confinement claim in the abstract, there is nothing in the claim relating to either of the Defendants. Sheriff Clarke might be in charge of the Jail, but that does not make him liable for every unconstitutional occurrence or condition that occurs within its walls. Instead, at a minimum there must be some indication that he was aware of a problem and allowed it to occur. "There are no allegations regarding Sheriff Watson in the narrative portion of the complaint. Merely naming a defendant in the caption is insufficient to state a claim." *Ivy v. Watson,* 2014 WL 625216, 2 (S.D.Ill., February 18, 2014); *Lanigan v. Village of East Hazel Crest, Ill.,* 110 F.3d 467, 477 (7th Cir.1997) ("Supervisory liability will be found ... if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it.")

Claim 3 alleges Plaintiff is forced to wear flip-flop shower shoes at all times, which gives him no foot protection. This claim fails to state a claim because it does not allege any concrete injury, but merely a lack of protection. If Plaintiff sustained an injury to his foot—say, by stepping on a piece of glass—it might be conceivable that the Defendants were deliberately indifferent to a known risk of injury. But here the claim is stated in the abstract. Without injury, there is no claim.

Claim 4 asserts there is no video to facilitate visits with friends and family. People who used to come and visit are no longer doing so because they are unable to see Plaintiff during their

4

visits (and parking is too expensive). Video or visual contact is not established as among the constitutional rights pretrial detainees are owed, however. "[A]s our cases have established, freedom of association is among the rights least compatible with incarceration." *Overton v. Bazzetta,* 539 U.S. 126, 131 (2003). Detainees are typically in jail only for a matter of months pending their trials, and allowing audio communications during that period will suffice to maintain meaningful associations with family. *Buda v. Clarke,* 2014 WL 2514810 (E.D. Wis., June 4, 2014) ("Plaintiff's allegations that contact visitation was not feasible because the visiting booths were temporarily out of order does not state a claim for violation of his constitutional rights.")

Claim 5 asserts an inadequate law library at the Jail. Pretrial detainees have counsel to aid them in defending the charges against them, and so jail libraries are not essential to guaranteeing a meaningful defense. To the extent a library would be necessary to access the courts for civil claims, Plaintiff does not allege that he was harmed in any way by the absence of a library. *Lewis v. Casey,* 518 U.S. 343, 351 (1996). In fact, the filing of the instant complaint indicates that he is able to seek redress of his grievances in federal court.

Claim 6 avers that the grievance system is inadequate because officers may review all grievances and there are no carbon copies. Some grievances are not responded to. Once again, however, the complaint fails to allege any concrete injury. Section 1983 is not an invitation to air a general list of disappointments—there must be a link between an official action and an injury. Moreover, the Constitution does not guarantee any specific type of grievance system, which is merely a process, or conduit, for alerting jail staff about problems. The *process* of complaining about conditions of confinement is not *itself* a condition of confinement subject to § 1983 liability.

5

Instead, the inmate must allege some kind of concrete underlying claim (e.g., deliberate indifference).

Finally, Claim 7 asserts that the food is unappetizing and often served at room temperature, and furthermore is "not wholesome." This does not suffice to state a claim, either. "Plaintiff does not allege that the unappetizing Jail food endangered his health and, therefore, he may not proceed on a claim." *Buda,* 2014 WL 2514810, *3 (citing *Jaros v. Illinois Dep't of Corr.,* 684 F.3d 667, 670–71 (7th Cir.2012)).

For the above reasons, the complaint will be dismissed.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis be and hereby is **GRANTED**, meaning that the filing fee may be paid over time.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed **for failure to state a claim** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Sheriff shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds

$10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to Sheriff Clarke and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Green Bay, Wisconsin, this 14th day of November, 2014.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court